**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| DAYVON RILEY, | : |
| Petitioner, | : Civ. Action No. 17-3233 (RMB) |
| v. | : **OPINION** |
| WARDEN DAVID ORTIZ, | : |
| Respondent, | : |

**BUMB**, District Judge

    Petitioner, Dayvon Riley, presently incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on May 8, 2017, seeking a court order requiring the Warden to reinstate an individual to his visitor's list, and money damages for a due process violation in connection with his prison disciplinary proceeding. (Pet., ECF No. 1 at 3.) The case was administratively terminated because Petitioner was ineligible for *in forma pauperis* status under 28 U.S.C. § 1915. (Order, ECF No. 2.) Petitioner paid the filing fee, and the case is now reopened.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to 28 U.S.C. § 2241 through Rule 1, scope of the rules, provides, in relevant part:

> The judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

For the reasons discussed below, the Court dismisses the petition for lack of jurisdiction.

I. BACKGROUND

Petitioner filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner, however, also asserts jurisdiction under the Prison Litigation Reform Act and the Administrative Procedure Act.[1] (Id. at 1.) Petitioner seeks restoration of a specific individual to his visitor's list, a temporary restraining order to return this individual to his visitor's list, and money damages based on alleged due process violations arising out of prison disciplinary sanctions imposed on Petitioner. (Id. at 1-4.)

---

[1] Petitioner asserts a due process violation. He has not alleged any way in which the Administrative Procedure Act was violated.

Petitioner alleges the following facts in support of his petition. Petitioner received an Incident Report for prohibited acts on January 21, 2017. (Id. at 2.) On February 22, 2017, Petitioner was found guilty of only one of the charged prohibited acts, kissing and embracing during a visit. (Id.) One week after Petitioner received the Incident Report but before his DHO hearing, Shaniece Taylor was removed from his approved visitors' list. (Id.) Petitioner's sanction for the prohibited act was ninety days with no visits. (Id.) Petitioner's attempts at resolution through the prison grievance procedure were unsuccessful. (Id. at 2.)

II. DISCUSSION

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>    . . .
>
>    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . .

Damages are not available in a habeas proceeding under 28 U.S.C. § 2241. Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)) (habeas corpus is not an appropriate or available remedy for damages claims); Descamps

v. Warden Lewisburg, USP, 617 F. App'x 110, 111 (3d Cir. 2015) (per curiam) (the proper means for seeking damages or injunctive relief is a civil rights action). If Petitioner wishes to seek damages for a constitutional violation, he must file a separate civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

A protected liberty interest under the Fourteenth Amendment may arise from the Constitution or it may be created by law or regulation. Williams v. Sec. Pennsylvania Dep't Corr., 848 F.3d 549, 558-59 (3d Cir. 2017). The Due Process Clause does not guarantee any interest in prison visitation. Henry v. Dep't of Corr., 131 F. App'x 847, 849 (3d Cir. 2005) (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (rejecting any notion that "unfettered visitation is guaranteed directly by the Due Process Clause"); Block v. Rutherford, 468 U.S. 576, 588 (1984) (upholding a blanket prohibition on contact visits to pretrial detainees because it was an "entirely reasonable, nonpunitive response" to legitimate security concerns)).

Furthermore, in Sandin, "the Supreme Court severely restricted the ability of states to create liberty interests benefitting prisoners, holding that the only protectable interests would be in remaining free from "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life." Id. (quoting Sandin v. Conner, 515

4

U.S. 472, 484 (1995)).  A loss of visitation privileges is an ordinary incident of prison life.  Henry, 131 F. App'x at 849 (citing e.g., Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing cases); see also Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002) (involving an 18-month suspension of a prisoner's ability to be visited by his wife). Therefore, Petitioner does not state a cognizable Due Process Claim regarding his prison disciplinary proceeding.

III. CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over the § 2241 petition because Petitioner does not have a liberty interest in visitation privileges.  The Court dismisses the petition in an accompanying Order.


Dated: **September 22, 2017**


                                                s/Renée Marie Bumb
                                                **Renée Marie Bumb**
                                                **United States District Judge**